UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK E. DULLEN, pro se<br>    Plaintiff,<br>v.<br><br>SHERIFF MACDONALD,<br>FRANKLIN COUNTY SHERIFF'S DEPARTMENT,<br>FRANKLIN COUNTY HOUSE OF CORRECTIONS,<br>SUPERINTENDENT BYRON,<br>DEPUTY SUPERINTENDENT SHEPARD<br>DEPUTY SUPERINTENDENT HILL<br>DEPUTY SUPERINTENDENT FITZPATRICK,<br>FRANKLIN COUNTY HOUSE OF CORRECTIONS<br>  MEDICAL DEPARTMENT<br>NURSE MORNINGSTAR, MEDICAL ADMINISTRATOR,<br>NURSE PRACTITIONER BIMM,<br>FOOD SERVICE ADMINISTRATOR,<br>C.O. CHALLET<br>C.O. WINN<br>    Defendants. | CIVIL ACTION<br>NO. 05-30101-KPN |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to the provisions of Rule 56 of the Federal Rules of Civil Procedure, the Defendants, Sheriff Macdonald, Franklin County Sheriff's Department, Franklin County House of Corrections, Superintendent Byron, Deputy Superintendent Shepard, Deputy Superintendent Hill, Deputy Superintendent Fitzpatrick, Franklin County House of Corrections Medical Department, Nurse Morningstar, Medical Administrator, Nurse Practitioner Bimm, Food Service Administrator, C.O. Challet, C.O. Winn and Dr. Hsu, Dentist for Franklin County House of Corrections move this Court to enter summary judgment in their favor because the Plaintiff has failed to state a claim upon which relief can be granted.

In support of such Motion, the Defendants state that since the Plaintiff Patrick E. Dullen is no longer a resident of Franklin County House of Corrections[1], he is barred from obtaining any

---

[1] It appears that the Plaintiff Patrick Dullen is presently a resident of the Federal Transfer Center in Oklahoma City, OK.

injunctive relief. *See Affidavit of Sheriff Macdonald attached. Purvis v. Ponte*, 929 F.2d 822, 825 (1st Cir. 1991) (holding that former inmate's action against prison officials was moot because he no longer resided at the prison)

Further, insofar as Plaintiff's suit is brought against a Massachusetts institution and its administrators in their official capacities, it is barred under the Eleventh Amendment to the United States Constitution, which proscribes damage suits against states without their consent. *See Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank*, 527 U.S. 627, 634 (1999); *Hans v. Louisiana*, 134 U.S. 1, 20 (1890) and *Greenless v. Almond*, 277 F.3d 601, 606-07 (1st Cir. 2002)

WHEREFORE, the Defendants respectfully request that summary judgment be entered in their favor in the above-entitled action as the plaintiff has failed to state any claim upon which relief can be granted.

Respectfully submitted,
Commonwealth of Massachusetts
By Its Attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

_____
William P. O'Neill  BBO#379745
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629
(413) 784-1240 FAX: 784-1244

## CERTIFICATE OF SERVICE

I, William P. O'Neill, Assistant Attorney General, hereby certify that on September 26, 2005, I served a copy of the foregoing DEFENDANTS' MOTION FOR SUMMARY JUDGMENT by first-class Mail, postage prepaid upon plaintiff pro se, at his last known address, Patrick E. Dullen, 73658, Federal Transfer Center, P.O. Box 898801, Oklahoma City, OK 73189-8801

_____
William P. O'Neill
Assistant Attorney General