United States District Court
for the
District of Massachusetts

---

Patrick E. Dullen, pro se
    Plaintiff

-v-

Sheriff MacDonald, et al
    Defendant

Civil Action
No. 05-cv-30101 (KPN)

---

### Plaintiff's Response to Defendant's Motion for Summary Judgment

Please Take Notice, the Plaintiff, Patrick E. Dullen, pro se asks this Honorable Court to accept and file the following as the response to the defendant's request by motion for summary judgment for failure to state a claim upon which relief can be granted.

In support of this response, the Plaintiff, Patrick E. Dullen as stated, is no longer a resident of Franklin County House of Correction. The Plaintiff believes he has grounds for relief as follows:

1. The Plaintiff concedes that due to his no longer being a resident of Franklin County House of Correction, he is not entitled to any form of

injunctive relief.

a. The Defendants use as an example the case of; <u>Purvis -v- Ponte</u>, 929 F.2d 822, 825 (1st Cir. 1991), this case unlike mine, was based on an emotional, mental or psychological injury, and threat of injury but no physical injury.

(i). Even though, <u>Purvis-v-Ponte</u>, case is a 1991 case, the PLRA of 1996 brought forth a standard to be met to state a claim. The Plaintiff has met this requirement.

2. The Plaintiff, as a requirement of a "physical injury" has brought forth, his; "serious medical need" as being his dental needs.

a. See <u>Ramos-v-Lamm</u>, 639 F.2d 559, in part; "Dental care is one of the most important medical needs of inmates." See also; <u>Boyd-v-Knox</u>, 47 F.3d 966, 969; "3 week delay in dental care, coupled with knowledge of inmate-patients suffering can support a finding of "deliberate indifference." See also; <u>Chance-v-Armstrong</u>, 143 F.3d 698, 703, 704, in part; "deliberate indifference" met if the action resulted in great pain for 3 months and the inability to chew properly."

(i). My situation started in August of 2004 and should have ended on May 3, of 2005, but the dentures after all that wait did not fit!

(a). As I stated earlier, it was impossible to eat many foods correctly, to not have

      gum pain and bleeding from many of the foods on the menu.

  b. See <u>Hunt-v-Dental Department</u>, 865 F.2d 198-200; "a 3 month delay in replacing dentures, causing gum disease (in present case; painful, bleeding gums), and weight loss, caused substantial harm that constituted an 8th Amendment violation." See also <u>Dean-v-Coughlin</u>; the Court held, "a prisoner is entitled to treatment only for conditions that cause pain, discomfort or a threat to good health.

3. The implication of the PLRA has caused the Courts to create a set of standards that serve a dual purpose:

  a. the 1st purpose is to preserve judicial time and economy.

  b. the second purpose is to establish equal justice to both the Plaintiff and Defendant.

    (i). Objective Standard ("sufficiently serious"), the PLRA requires that an injury be a physical injury to be considered sufficiently serious. See <u>Hemmings-v-Gorczyk</u>, 134 F.3d 390; there cannot be any question of whether the Defendant's; Franklin County House of Corrections, (by way of Nurse Morningstar) and the Medical Department, (also by way of Nurse Morningstar as Medical Administrator, Dr. Hsu; (Facility contract dentist at time of incident), Superintendent Byron and Deputy Superintendent Shepard, knew the Plaintiff was

-3-

physically in need of dentures and that a medically trained person, "Nurse Morningstar", who also has a duty to inform the Superintendent and Deputy Superintendent Shepard of any on going problems.

(a). there cannot be much doubt that there is precedent as to what the court's have used as a basis for decision, to find objective standard, see Boyd-v-Knox, 47 F.3d 966, 969 also Hunt-v-Dental Dept., 865 F.2d 198-200 also Chance-v-Armstrong, 143 F.3d 698, 703-4; where a 3 week and 3 month delay was deemed to be an uneccesary delay, the Plaintiff's delay of 9 months and then the dentures not fitting would seemingly suffice.

(ii). Subjective Standard ("Knew of and Disregarded a risk"). In addition to proving that an injury is sufficiently serious, a prisoner bringing an Eighth Amendment claim must also prove that prison officials had the required level of intent. As the U.S. Supreme Court held in Farmer: A prison official cannot be found liable under the 8th Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial

-4-

risk of serious harm exists, and he must also draw the inference. See <u>Farmer-v-Brennan</u>, 511 U.S. 825, 37-114 S.Ct. 1970, 1979 See <u>Hudson-v-McHugh</u>, 148 F.3d 859, 864

(a). For any person to accept the belief that the Medical Department and the decision making apparatus, was not aware that the "dental department" was severely lacking would be simply ludicrous.

(b). the Court in, <u>Wilson-v-Seiter</u>, 501 U.S. 295, 304-5; 115 L.Ed. 2d, 271, 283; has shown that, "deliberate indifference" can be established by circumstantial evidence. ie; Nurse Morningstar relayed to me that Dr. Hsu was told to see me and didn't, that when the D.O.C. came and did their inspection, "dental" was one of the weak-spots. As Wilson shows a combination of issues can bring forth a showing of deliberate indifference. It should also not be to hard to receive the D.O.C.'s report.

4. In, <u>Montgomery-v-Pinchok</u>, 294 F.3d 492; the Court says a Plaintiff must mak an "<u>objective showing</u>" that the deprivation was sufficently serious or that the result of the defendant's denial was sufficiently serious, and then the Plaintiff must make a "<u>subjective showing</u>" that the Defendant acted with a "<u>culpable</u>" state of mind.

-5-

a. The Defendant in an attempt to gain a better perspective as to what the words; Culpaple, objective and subjective meant went to the Black's Legal Dictionary:

(i). <u>Culpable</u> 1. Guilty; blameworthy, 2. Involving the breach of duty.

(ii). <u>Objective</u> 1. Of, relating to, or based on externally verifiable phenomena as opposed to an individual's perceptions, feelings or intentions 2. Without bias or prejudice.

(iii). <u>Subjective</u> 1. Based on an individuals perceptions, feelings or intentions, as opposed to externally verifiable phenomena. 2. Personal; individual

Based on the above it would seemingly lead to the following:

** <u>Subject Liability</u>, susceptible to a lawsuit that would result in an adverse judgment; specif., having engaged in conduct that would make the actor liable for another's injury because the actor's conduct is the legal cause of the injury, the injured party to bring the suit.

In <u>Spicer-v-Williamson</u>, 191 N.C. 487, 490; the Court, in part said, "it is but just, that the public be required to care for the prisoner, who cannot, by reason of the deprivation of his liberty, care for himself.

<u>States Right to Immunity</u>
<u>Under the Eleventh Amendment</u>

5. The Defendant's claim immunity under the Eleventh (11th) Amendment, but the Plaintiff claims:

a. using <u>College Savings Bank</u>, 527 U.S. 666; that

-6-

suits against a Massachusetts institution, it's administrators in their official capacities are barred under the 11th Amendment.

(i). taking in part; <u>Florida Prepaid Postsecondary Educ. Expense Bd. -v- College Sav. Bank</u>, 527 U.S. 627, 634 The States immunity under the Federal Constitutions 11th Amendment from suit by private parties in Federal Court is not absolute; Congress may authorize such a suit in the exercise of Congresses power to enforce the Constitution's 14th Amendment, which was enacted after the 11th Amendment, and was specifically designed to alter the Federal-State balance under §5 of the 14th Amendment.

b. <u>Section 43(a) of the Lanham Act</u>, 15 U.S.C.S. §1125(a) is amended by the T.R.C.A. by defining "any person" to include, "any state, instrumentality of a State, employee of a State, or an instrumentality of a State acting in his or her official capacity". It further amends the Lanham Act to provide that such State entities, "shall not be immune under the 11th Amendment of the Constitution of the United States, or under any other doctrine of sovereign immunity, from suit in Federal Court by any person including any government or non-government entity for any violation under this act, and that remedies shall be available against such Stat entities," to the same extent as such remedies are available --- in a suit against a non-State entity. §3B

(i). codified in 15 U.S.C.S. §1122

c. 42 U.S.C. § 1983, in part; Every person who, "under color" of any statute, ordinance, regulation, custom or usage --- subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

## Dismissal of Complaint

As the Supreme Court observed in; <u>Neitzke -v- Williams</u>, 490 U.S. 319, 328-331, 109 S.Ct. 1827, 1833-34, 104 L.Ed. 2d 338 (1989).

   a. it ruled that a Court could not summarily dismiss an IFP complaint Sua Sponte under 28 U.S.C. § 1915(d) merely for failure to state a claim. The Court also observed, "a plaintive with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for a failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon." 1834 <u>See also</u>; <u>Street -v- Fair</u>, 918 F.2d at 273; (Reversing a sua sponte dismissal of an 8th Amendment claim for frivolousness where it failed to state a claim upon which relief could be granted, but plaintive was not given an opportunity to cure the deficiency by amendment.)

   b. The Plaintiff also filed against each person named in their "personal capacities."

      (i). Showing that even if the Court were to dismiss the Official and Supervisory status, the Plaintiff

-8-

should still have standing on the basis of the defendants in their personal capacities, and this without amending this complaint.

### Defendant's Failure to Serve Plaintiff

If one looks at; Exhibits A & B it can be seen that:

6. Exhibit A when compared with Exhibit B clearly shows that there was never a "Certificate of Service" issued with Exhibit A.
   a. As can be seen in the "Defendant's Second Supplemental Certificate of Service" there is no motion attached as there is in Exhibit B.
   b. This failure on the part of the Defendant's to attach a "Certificate of Service" should have caused the Defendant's motion for "Summary Judgment" to be held in abeyance until non-conformity corrected.
      (i). looking at Exhibit A, to reiterate, it is perfectly evident that at no time was there ever a "Certificate of Service" sent with, attached or annexed to Exhibit A, giving Assistant Attorney O'Neill the credit and respect due him, believes Mr. O'neill will admit to the fact that there was no "Certificate of Service" issued with, Exhibit A.
         (a). as a basis for this belief the Plaintiff would ask why, would a second motion for "Summary Judgment" be issued instead of a new one being issued? Or at least attaching the

a copy of the prior "Certificate of Service."

## Conclusion

7. The Plaintiff has with his limited ability and limited knowledge of law has attempted to produce a response that the Court and the Defendants, will hopefully be able to, taking the writer's lack of expertise into consideration, use to portray the argument the Plaintiff is making:

   a. The Franklin County House of Correction by not correcting the situation that was not only self-evident, but also by way of a number of inmates and the State D.O.C., making complaints about Dr. Hsu, allowed him to continue his (for lack of a better word) abuse of inmates by way of his dentistry, became by proxy at least as guilty if not more guilty, as Dr. Hsu of "deliberat indifference" to the pain of the Plaintiff, but through their failure to correct a situation they were fully aware of caused the Plaintiff to:

      (i). Suffer substantial damage and substantial pain and suffering.

      (ii). the failure to treat the issue of dentures in a timely manner was substantially serious to substantiate, to state a claim upon which relief could be granted.

      (iii). the "deliberate indifference" by the named defendants was the proximate cause of the injury not being treated timely and the proximate and direct cause of my pain and suffering.

-10-

(iv). the Plaintiff has met the physical injury, objective, subjective and deliberate indifference standards

(v). he has met the culpability and subject liability question.

(vi). he has argued the State's 11th Amendment immunity claim.

(vii). Finally he has presented the argument that his claim should not be dismissed without his being allowed to amend it.

Based upon the Plaintiff's responses, answers and statements made in this, "Response to the Defendant's Motion for Summary Judgment" the Plaintiff should be granted the relief prayed for.

## Relief Sought

1. This Court deny the Defendant's Motion for Summary Judgment.

2. Grant the Plaintiff the right to proceed with this action.

3. Grant the Plaintiff, Summary Judgment pursuant to Rule 56 of the Fed. R. Civ. Procedure.

4. Such further relief as this Court deems fair and just.

Respectfully Submitted,

Executed on, November 9, 2005

Patrick E. Dullen
Patrick E. Dullen, pro se
#73658-012
H-Unit, A 2/224 L
Federal Medical Center, Devens
P.O. Box 879

## Certificate of Service

I, Patrick E. Dullen, Plaintiff certify that I have mailed by 1ST Class, Pre-Paid, U.S. Postage a true copy of the attached response to Assistant Attorney General of the Western District of Massachusetts located at; 1350 Main Street, Springfield, Ma. 01103-1629 by placing in the institution legal mail box on 11-9-05 located in front of dining hall A, this copy

Respectfully,

Patrick E. Dullen
Patrick E. Dullen, pro se

-12-

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK E. DULLEN, pro se<br>　　　　　　Plaintiff,<br>v.<br><br>SHERIFF MACDONALD,<br>FRANKLIN COUNTY SHERIFF'S DEPARTMENT,<br>FRANKLIN COUNTY HOUSE OF CORRECTIONS,<br>SUPERINTENDENT BYRON,<br>DEPUTY SUPERINTENDENT SHEPARD<br>DEPUTY SUPERINTENDENT HILL<br>DEPUTY SUPERINTENDENT FITZPATRICK,<br>FRANKLIN COUNTY HOUSE OF CORRECTIONS<br>　　MEDICAL DEPARTMENT<br>NURSE MORNINGSTAR, MEDICAL ADMINISTRATOR,<br>NURSE PRACTITIONER BIMM,<br>FOOD SERVICE ADMINISTRATOR,<br>C.O. CHALLET<br>C.O. WINN<br>　　　　　　Defendants. | CIVIL ACTION<br>NO. 05-30101-KPN |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to the provisions of Rule 56 of the Federal Rules of Civil Procedure, the Defendants, Sheriff Macdonald, Franklin County Sheriff's Department, Franklin County House of Corrections, Superintendent Byron, Deputy Superintendent Shepard, Deputy Superintendent Hill, Deputy Superintendent Fitzpatrick, Franklin County House of Corrections Medical Department, Nurse Morningstar, Medical Administrator, Nurse Practitioner Bimm, Food Service Administrator, C.O. Challet, C.O. Winn and Dr. Hsu, Dentist for Franklin County House of Corrections move this Court to enter summary judgment in their favor because the Plaintiff has failed to state a claim upon which relief can be granted.

In support of such Motion, the Defendants state that since the Plaintiff Patrick E. Dullen is no longer a resident of Franklin County House of Corrections, he is barred from obtaining any injunctive relief. *See Affidavit of Sheriff Macdonald attached. Purvis v. Ponte*, 929 F .2d 822,825 (1st Cir. 1991) (holding that former inmate's action against prison officials was moot because he no longer resided at the prison)

Exhibit A

Further, insofar as Plaintiff's suit is brought against a Massachusetts institution and its administrators in their official capacities, it is barred under the Eleventh Amendment to the United States Constitution, which proscribes damage suits against states without their consent. *See Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank*, 527 U.S. 627, 634 (1999); *Hans v. Louisiana*, 134 U.S. 1, 20 (1890) and *Greenless v. Almond*, 277 F.3d 601, 606-07 (1st Cir. 2002)

WHEREFORE, the Defendants respectfully request that summary judgment be entered in their favor in the above-entitled action as the plaintiff has failed to state any claim upon which relief can be granted.

Respectfully submitted,
Commonwealth of Massachusetts
By Its Attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

William P. O'Neill  BBO#379745
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629
(413)784-1240 FAX: 784-1244

2

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK E. DULLEN, pro se<br>      Plaintiff,<br>v.<br><br>SHERIFF MACDONALD,<br>FRANKLIN COUNTY SHERIFF'S DEPARTMENT,<br>FRANKLIN COUNTY HOUSE OF CORRECTIONS,<br>SUPERINTENDENT BYRON,<br>DEPUTY SUPERINTENDENT SHEPARD<br>DEPUTY SUPERINTENDENT HILL<br>DEPUTY SUPERINTENDENT FITZPATRICK,<br>FRANKLIN COUNTY HOUSE OF CORRECTIONS<br>  MEDICAL DEPARTMENT<br>NURSE MORNINGSTAR, MEDICAL ADMINISTRATOR,<br>NURSE PRACTITIONER BIMM,<br>FOOD SERVICE ADMINISTRATOR,<br>C.O. CHALLET<br>C.O. WINN<br>      Defendants. | CIVIL ACTION<br>NO. 05-30101-KPN |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to the provisions of Rule 56 of the Federal Rules of Civil Procedure, the Defendants, Sheriff Macdonald, Franklin County Sheriff's Department, Franklin County House of Corrections, Superintendent Byron, Deputy Superintendent Shepard, Deputy Superintendent Hill, Deputy Superintendent Fitzpatrick, Franklin County House of Corrections Medical Department, Nurse Morningstar, Medical Administrator, Nurse Practitioner Bimm, Food Service Administrator, C.O. Challet, C.O. Winn and Dr. Hsu, Dentist for Franklin County House of Corrections move this Court to enter summary judgment in their favor because the Plaintiff has failed to state a claim upon which relief can be granted.

In support of such Motion, the Defendants state that since the Plaintiff Patrick E. Dullen is no longer a resident of Franklin County House of Corrections[1], he is barred from obtaining any

---

[1] It appears that the Plaintiff Patrick Dullen is presently a resident of the Federal Medical Center in Ayer, Massachusetts.

Exhibit B

injunctive relief.^(not seeking injunctive relief) *See Affidavit of Sheriff Macdonald attached.* *Purvis v. Ponte*, 929 F.2d 822, 825 (1st Cir. 1991) (holding that former inmate's action against prison officials was moot because he no longer resided at the prison)

Further, insofar as Plaintiff's suit is brought against a Massachusetts institution and its administrators in their official capacities, it is barred under the Eleventh Amendment to the United States Constitution, which proscribes damage suits against states without their consent. *See Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank*, 527 U.S. 627, 634 (1999); *Hans v. Louisiana*, 134 U.S. 1, 20 (1890) and *Greenless v. Almond*, 277 F.3d 601, 606-07 (1st Cir. 2002)

WHEREFORE, the Defendants respectfully request that summary judgment be entered in their favor in the above-entitled action as the plaintiff has failed to state any claim upon which relief can be granted.

Respectfully submitted,
Commonwealth of Massachusetts
By Its Attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

*(signature)*

William P. O'Neill  BBO#379745
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629
(413)784-1240 FAX: 784-1244

## CERTIFICATE OF SERVICE

I, William P. O'Neill, Assistant Attorney General, hereby certify that on October 13, 2005, I served a copy of the foregoing DEFENDANTS' MOTION FOR SUMMARY JUDGMENT by first-class Mail, postage prepaid upon plaintiff pro se, at his last known address, Patrick Dullen, 73658-012, NEOCC, H-Unit A2/224L, Federal Medical Center - Devens, P.O. Box 779, Ayer, MA 01432

*(signature)*

William P. O'Neill
Assistant Attorney General

# JACOBSON & FELLOWS

90 Conz Street
P.O. Box 597
Northampton, MA 01061
(413) 584-8181



Myles Jacobson, Attorney
Michael J. Fellows, Attorney

November 15, 2005

BY FAX (413) 785-0394 AND MAIL
AUSA Todd Newhouse
Federal Building and Courthouse
1550 Main Street, Room #310
Springfield, MA 01103

Re:   United States of America v. Julio Marin, Criminal Action No. 05-30039-MAP
      Discovery Letter (non-motion)

Dear Attorney Newhouse:

    Pursuant to Fed.R.Crim.P. 16(a)(1)(G) this is to request a written summary of the testimony of each expert witness the government intends on using in Marin's trial in its case-in-chief. In this summary, for each, please describe: (1) the witness' opinions, (2) the bases and the reasons for those opinions, and (3) the witness' qualifications.

    Please note that, in keeping with Rule 16 Advisory Committee Notes, this summary should (1) provide the defendant with a fair opportunity to test the merit of the expert's testimony through focused cross-examination, (2) inform the defendant whether the expert will be providing only background information on a particular issue or whether the witness will actually offer an opinion, (3) cover not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including opinions of other experts, and (4) include both scientific and nonscientific experts. See, Advisory Committee Notes 1993 Amendment to Rule 16(a)(1)(E) (later renumbered as 16(a)(1)(G)).

    Thank you.

Yours truly,

Myles Jacobson

cc.: Clerk, United States District Court (by mail only)