UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK E. DULLEN, ) | |
|     Plaintiff ) | |
| ) | |
| ) | |
|     v.    ) | Civil Action No. 05-30101-KPN |
| ) | |
| ) | |
| ) | |
| FRANKLIN COUNTY HOUSE OF ) | |
| CORRECTION, et al., ) | |
|     Defendants ) | |

<u>FURTHER MEMORANDUM AND ORDER WITH REGARD TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (Docket Nos. 14 and 20)</u>
November 30, 2005

NEIMAN, U.S.M.J.

Presently before the court is Defendants' motion for summary judgment with

respect to Patrick E. Dullen ("Plaintiff")'s civil rights complaint.  That complaint, filed

against various persons connected with the Franklin County House of Correction

("FCHC"), as well as the jail and county themselves, makes a variety of allegations

concerning conditions at the facility.  The parties have consented to this court's

jurisdiction pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b).  For the reasons

which follow, the court will allow Defendants' motion.

When he filed his complaint on April 27, 2005, Plaintiff was being detained at

FCHC allegedly awaiting trial in Vermont.  On June 2nd, Plaintiff notified the court that

he had been transferred to a correctional facility in Elmira, New York.  He was

transferred to a different New York facility later in June, then to an Ohio facility in July.

On September 15th, Plaintiff sent the court a letter from the Federal Transfer Center in

Oklahoma City.  Finally, on October 13th Plaintiff informed the court that his "permanent designated place of confinement" is in Ayer, Massachusetts.

In the midst of these transfers, the court, on August 30, 2005, allowed Defendants' motion for summary judgment, which was then unopposed.  Two weeks later, Plaintiff asked the court to reconsider its order, arguing that he had never received Defendants' motion.  Sure enough, the court checked, and Defendants' motion did not contain a certificate of service.  Accordingly, the court ordered Defendants to serve Plaintiff and granted him an extension of time to respond.

The court now has before it Plaintiff's opposition and is poised to rule once again.  In doing so, the court has taken as true the allegations in Plaintiff's complaint, *see Estelle v. Gamble*, 429 U.S. 97 (1976), and has been particularly careful in reviewing the matter insofar as it involves a pro se litigant, *see Haines v. Kerner*, 404 U.S. 519 (1972).  In the end, the court will again grant summary judgment in Defendants' favor.

First, as supported by the affidavit of Sheriff Fred MacDonald, as well as Plaintiff's own pleadings, Plaintiff is no longer a resident of the FCHC.  Therefore, he is precluded from obtaining any equitable relief.  *See Purvis v. Ponte*, 929 F.2d 822, 825 (1st Cir. 1991).  Plaintiff concedes as much.  Accordingly, the broad injunctions Plaintiff requests are unavailable.  (See Amended Complaint at 10 (seeking as relief "an order prohibiting the defendant's [sic] from taking any type of retaliatory action, . . . [requiring] the administration to make immediate changes in the most harmful things, [and appointing] a team . . . to do a surprise inspection").)

2

This is not to say that a transferred prisoner can never seek injunctive relief at his former facility.  For example, it is well established that a case is not moot if it is "capable of repetition, yet evading review."  *Southern Pacific Terminal Company v. Interstate Commerce Commission*, 219 U.S. 498, 515 (1911).  Moreover, prison officials ought not be allowed "to defeat prisoners' claims simply by [transferring them] as soon as they file suit."  *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001).  But those principles have not been raised here.[1]

Pursuant to the Eighth Amendment, Plaintiff also seeks compensatory and punitive damages stemming from a purported delay in providing him adequate dental care.  (See Plaintiff's Brief at 3.)  At best, however, the alleged facts sound like medical malpractice.  That is simply not enough for Eighth Amendment purposes.  *See Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993) ("[T]he courts have consistently refused . . . to conclude that simple medical malpractice rises to the level of cruel and unusual punishment."); *Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.") (internal quotation marks omitted).  In addition, Plaintiff's claim for damages would appear to be barred by the Eleventh Amendment to the extent it proscribes damage suits against states without their consent.  *See Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank*,

---

[1]  While there is no indication that Plaintiff's various transfers were untoward, let alone even controlled by Defendants, he does assert that, "as a form of retaliation," inmates "have had threats implied . . . [such as] transfer to another facility."  (Amended Complaint at 2 ¶ 6.)

527 U.S. 627, 634 (1999); *Greenless v. Almond*, 277 F.3d 601, 606-07 (1st Cir. 2002).

In sum, Plaintiff's efforts have fallen short and the court has little choice but to ALLOW Defendants' motion.  Judgment shall enter in Defendants' favor and the case will be closed.

IT IS SO ORDERED.

DATED: November 30, 2005

    /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge